UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY TAYLOR, JR., | ) | CASE NO. 5:14cv440 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINON |
| vs. | ) | |
| | ) | |
| CITY OF AKRON, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Tony Taylor filed this action under 42 U.S.C. § 1983 against the City of Akron and Akron Police Officer Rkuznik. In the complaint, plaintiff alleges he called the police to report domestic violence against him by the mother of his child and Officer Rkuznik, who responded to the call, arrested him instead of the other party. He claims the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights and seeks unspecified monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2), which is granted.

**I. BACKGROUND**

Plaintiff's complaint is very brief. He states that he called the police because he was being assaulted by the mother of his child, and Officer Rkuznik was dispatched to his

location. He contends the officer tried to get him to change his statement, and when he refused, Officer Rkuznik arrested him instead of his child's mother. Plaintiff further states he was refused a court-appointed attorney, as well as other rights. According to the complaint, plaintiff's case was presented to a jury, who found him "not guilty." Plaintiff states the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights.

## II. STANDARD OF REVIEW

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d. 652 (1972). However, the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 321-22, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory, or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 325. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A pleading must contain a short and plain statement showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations in the pleading must be sufficient to raise a right to relief above the level of speculation. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, "the defendant unlawfully harmed me" accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint for this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Crugher v. Prelesnik* 761 F.3d 610, 614 (6th Cir. 2014).

### III. DISCUSSION

A. **Fourth Amendment**

Plaintiff's complaint does not allege sufficient facts to suggest defendants violated his Constitutional rights. To prevail on a claim involving a false arrest under the Fourth Amendment, plaintiff must show that he was arrested without probable cause. *United States v. Strickland*, 144 F.3d 412, 415 (6th Cir. 1998). Police have probable cause for an arrest if the officers possess a reasonable belief that an offense has been committed and that the person subject to arrest committed the crime. *United States v. Ellison*, 632 F.3d 347, 350 (6th Cir. 2011) (quoting *United States v. Pinson*, 321 F.3d 558, 564 (6th Cir. 2003)).

In this case, plaintiff seems to suggest that his eventual acquittal demonstrates that his Fourth Amendment rights were violated. As a matter of law, the state's failure to prove guilt beyond a reasonable doubt does not mean that it did not meet the lesser probable cause standard for arrest. *Rowser v. Ohio*, No. 5:12CV0610, 2013 WL 123784, at *7 (N.D. Ohio Jan. 9, 2013). The Constitution does not guarantee that only the guilty will be arrested. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). "If it did, Section 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Id*. Aside from his acquittal and plaintiff's protestations that the officer should have arrested the mother of his child rather than him, there are no allegations in the complaint

suggesting the defendants violated plaintiff's Fourth Amendment rights.

**B.        Fourteenth Amendment**

Similarly, plaintiff claims defendants violated his Fourteenth Amendment rights. The only explanation he provides is that he was "refused protected rights." (Doc. No. 1.) Plaintiff does not allege any facts to elaborate on this statement and does not indicate which protected rights he believes the defendants denied him. Without those allegations, plaintiff's claims are stated solely as legal conclusions, which are not sufficient to meet the basic pleading requirements of Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678.

**C.        Eighth Amendment**

Finally, plaintiff asserts that the defendants violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. It protects inmates by requiring that prison officials ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

However, the Eighth Amendment applies only to those convicted of crimes. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). If the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard applies. *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Plaintiff does not indicate what type of claim he is attempting to assert under the Eighth Amendment, and he does not allege any facts pertaining to his arrest or his pretrial detention. His complaint focuses on the officer's choice to arrest him and not the other party in the dispute. The allegations in the complaint do not state a claim for relief under the Eighth, Fourth, or Fourteenth Amendments.

## IV. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.

**IT IS SO ORDERED**.

Dated: October 17, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**